UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE, *pro se*, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 09-00498 (RMU) |
| ) | |
| CENTRAL INTELLIGENCE AGENCY, ) | |
| *et al.* ) | |
| Defendants. ) | |
| _____ ) | |

**DEFENDANT DIA'S SECOND SUPPLEMENTAL STATEMENT OF MATERIAL
FACTS AS TO WHICH THERE IS NO GENUINE ISSUE**

Pursuant to Local Rule 7.1(h), Defendant Defense Intelligence Agency ("DIA") submits this second supplemental statement of material facts as to which there is no genuine issue:

1. On June 16, 2007, plaintiff submitted a Privacy Act request to DIA seeking records concerning himself, including all records pertaining to DIA's conditional offer of employment. Declaration of Alesia Y. Williams ("Williams Declaration"), filed at Docket No. 39, ¶ 5.

2. Document 33, which consists of information DIA obtained from the CIA, is exempt from disclosure pursuant to Privacy Act exemptions (j)(1) and (k)(1), and (k)(6), and Freedom of Information Act exemptions (b)(1), (b)(3) and (7)(E). Declaration of Linda J. Dove, dated December 31, 2009, copy attached, ¶ 12.

3. All reasonably segregable information has been released. Id. at ¶ 41.


Dated: January 21, 2009        Respectfully submitted,


                               /s/_____
                               CHANNING D. PHILLIPS, D.C. Bar #415793
                               United States Attorney

      /s/
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

      /s/
MARINA UTGOFF BRASWELL, D.C. Bar #416587
Assistant United States Attorney
United States Attorney's Office
555 Fourth Street, N.W.
Washington, D.C. 20530
Phone:  202-514-7226
Email: Marina.Braswell@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE, *pro se*, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )   Civil Action No. 09-00498 (RMU) |
| | ) |
| CENTRAL INTELLIGENCE AGENCY, *et al*. | ) |
| | ) |
|     Defendants. | ) |

SECOND SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT DIA'S MOTION FOR SUMMARY JUDGMENT

Plaintiff has brought this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 522, and the Privacy Act, 5 U.S.C. § 522a, against the Defense Intelligence Agency ("DIA"), seeking, inter alia, to compel the release of documents pertaining to him withheld by DIA.  On November 9, 2009, DIA filed a motion for summary judgment.  See Docket Nos. 37 & 39.  Because that motion inadvertently failed to address all of plaintiff's claims under the Privacy Act, on November 24, 2009, DIA filed a supplemental memorandum to address those claims.  See Docket No. 46.

On November 24, 2009, plaintiff also entered into a settlement agreement with defendant Central Intelligence Agency ("CIA").  In that agreement, CIA agreed to provide plaintiff with certain information from his CIA files.  The information CIA subsequently provided to plaintiff had an effect on one DIA document containing CIA-originated information, that had been withheld in full by DIA at CIA's request.  That document is Document No. 33.

That release caused CIA to reconsider the information withheld in Document No. 33 which it had provided to DIA.  As the accompanying Declaration of Linda J. Dove, dated

December 31, 2009, copy attached, demonstrates, certain information in this document remains properly withheld pursuant to Privacy Act exemptions (j)(1), (k)(1) and (k) (6), as well as Freedom of Information Act ("FOIA") exemptions (b)(1), (b)(3) and (b)(7)(E).[1]

With respect to Privacy Act exemption (k)(1) and FOIA exemption (b)(1), the attached supplemental Dove Declaration explains the basis for withholding certain classified information in Document No. 33. Id. at ¶¶19-20, 28-35. This declaration supplements defendant DIA's motion for summary judgment at Docket Nos. 37 & 39, at 8-9, and DIA's supplemental memorandum filed at Docket No. 46 at 4-5, both of which also provide the legal basis for withholding this information. This supplemental Dove Declaration demonstrates that the classified information in Document No. 33 remains properly withheld from plaintiff.

With respect to Privacy Act exemption (j)(1) and FOIA exemption (b)(3), the attached supplemental Dove Declaration explains the basis for withholding CIA information in Document No. 33 the release of which is protected from disclosure by Section 102A(i)(1) of the National Security Act and Section 6 of the CIA Act. Id. at ¶¶13-18, 22-27. This supplements defendant DIA's motion for summary judgment at Docket Nos. 37 & 39, at 11-12, and DIA's supplemental memorandum filed at Docket No. 46 at 4-5, both of which also provide the legal basis for withholding this information. This supplemental Dove Declaration demonstrates that the information in Document No. 33 withheld pursuant to Privacy Act exemption (j)(1) and FOIA exemption (b)(3) remains properly withheld from plaintiff.

With respect to FOIA exemption 7(E), the attached supplemental Dove Declaration

---

[1] This declaration was produced to plaintiff on the date it was signed. The delay in filing this supplemental memorandum, the filing of which plaintiff agreed to, was caused by defense counsel's preparations for a trial that was due to start January 19, 2010, in a case she only joined in mid-December 2009.

2

explains the basis for withholding certain CIA-originated information in Document No. 33 to prevent the disclosure of information compiled for law enforcement purposes that would reveal "CIA's techniques and procedures for vetting the background and other security information of potential candidates, thus enabling those who would seek to circumvent the CIA's procedures." Id. at ¶ 38.  This supplements defendant DIA's motion for summary judgment at Docket Nos. 37 & 39, at 17-19, which also provides the legal basis for withholding this information.  This supplemental Dove Declaration demonstrates that the information in Document No. 33 pertaining to law enforcement techniques and procedures remains properly withheld from plaintiff.

Finally, and not previously addressed by defendant DIA, the supplemental Dove Declaration explains that certain information from Document No. 33 has been properly withheld pursuant to Privacy Act exemption (k)(6).  Id., ¶¶ 39-40.  This document consists of testing and examination material for determining eligibility and suitability for employment with CIA.  Id. at ¶ 40.  As such, it is subject to 32 C.F.R. § 1901.63(f), which exempts such records from disclosure under the Privacy Act.  Id. at ¶ 39.  Moreover, as Ms. Dove explains in her December 31, 2009 declaration:

> To release Document 33 would reveal information that provides insight into the CIA's administration and use of the polygraph and information about the subject matter.  Release of such information would compromise the ability to use this intelligence method as a part of the procedures for determining eligibility and suitability for employment with CIA.  Disclosure of this information reasonably could be expected to compromise the objectivity and effectiveness of these techniques and procedures.

Id. at ¶ 40.

The information withheld from plaintiff, therefore, is properly exempt pursuant to Privacy Act Exemption (k)(6).

Conclusion

For the reasons stated above, and those set forth in DIA's prior memoranda filed in this case, Defendant DIA respectfully requests that the Court enter summary judgment in its favor.

Dated: January 21, 2010      Respectfully submitted,

  /s/
CHANNING D. PHILLIPS, D.C. Bar #415793
United States Attorney

  /s/
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

  /s/
MARINA UTGOFF BRASWELL, D.C. Bar #416587
Assistant United States Attorney
United States Attorney's Office
555 Fourth Street, N.W.
Washington, D.C. 20530
Phone:  202-514-7226
Email: Marina.Braswell@usdoj.gov